UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BERNARD SINGLETON | CIVIL ACTION |
| VERSUS | NO. 26-38 |
| LOWE'S HOME CENTERS, LLC | SECTION R (4) |

# ORDER AND REASONS

Before the Court is plaintiff Bernard Singleton's motion to continue the submission date for defendant's motion for summary judgment.[1] Defendant Lowe's Home Centers, LLC ("Lowe's") opposes the motion.[2]

Defendant's motion for summary judgment was submitted on October 28, 2026.[3] Singleton requests a continuance under Federal Rule of Civil Procedure 56(d) because he seeks to depose the claims adjuster who handled his demand to preserve surveillance footage of a slip-and-fall incident inside a Lowe's store in New Orleans, Louisiana.[4]

Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;

---

1 R. Doc. 12.
2 R. Doc. 14.
3 R. Doc. 8.
4 R. Doc. 12.

(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

The Fifth Circuit has held that Rule 56(d) motions are "broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). But the non-moving party still must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist" and demonstrate how those facts "will influence the outcome of the pending summary judgment motion." *Id.* Plaintiff must also show that he "exercised due diligence in discovery." *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005).

Here, plaintiff argues that Rule 56(d) relief is warranted because the deposition of the claims adjuster who handled his request for surveillance footage is necessary to oppose Lowe's motion for summary judgment.[5] The claims adjuster, Kendra McCray, is employed by Sedgwick Claims Management Services, Inc. ("Sedgwick"), a third party that handles claims on behalf of Lowe's and received plaintiff's written demand to preserve surveillance footage.[6] Plaintiff contends that Lowe's failure to preserve

---

5 *Id.*
6 R. Doc. 12-1 at 1–2.

surveillance footage prior to the incident supports an adverse presumption that the footage would have been unfavorable to Lowe's under Federal Rule of Civil Procedure 37.[7]

Rule 37(e)(2)(A) provides that "only upon finding that [a] party acted with intent to deprive another party" of electronically stored information, the Court "may presume that the lost information was unfavorable to the party." Fed. R. Civ. P. 37(e)(2)(A). Lowe's has stated that the footage was not preserved due to negligence and the "failure to route a letter internally,"[8] and its representatives have testified that the preservation process "would have been directed by Sedgwick."[9] Thus, plaintiff argues that the deposition of McCray is necessary to determine whether Lowe's acted with the intent to deprive him of the footage.

Lowe's responds that plaintiff is not entitled to relief under Rule 56(d) because he has failed to diligently pursue discovery. It avers that plaintiff was aware of Sedgwick's involvement in the claims process for several months but failed to seek McCray's deposition until the filing of the instant motion.[10] Further, Lowe's contends that Rule 56(d) relief is improper here

---

7 *Id.* at 8.
8 R. Doc. 11 at 6.
9 R. Doc. 10-2 at 9.
10 R. Doc. 14 at 1–2.

because plaintiff has not shown that McCray's deposition will create a genuine issue of material fact as to plaintiff's slip-and-fall claim.[11]

The Court finds that plaintiff is entitled to relief under Rule 56(d). Plaintiff has demonstrated that McCray's deposition is necessary to determine how plaintiff's preservation demand was processed. Defendant's own representative has testified that the preservation process "would have been directed by Sedgwick."[12] And this evidence about the preservation process is necessary to determine whether plaintiff is entitled to a presumption that the surveillance footage was unfavorable to Lowe's under Rule 37. Thus, plaintiff has demonstrated how the contents of McCray's deposition "will influence the outcome of the pending summary judgment motion." *Raby*, 600 F.3d at 561.

Plaintiff has also diligently pursued discovery. Plaintiff has deposed several of Lowe's employees and representatives to date.[13] The Court notes that plaintiff has been aware of McCray's identity since December 18, 2024, at the latest, but has failed to depose her.[14] But under the Court's Scheduling

---

11 *Id.* at 3.
12 R. Doc. 10-2 at 9.
13 R. Doc. 12-1 at 13.
14 R. Doc. 10-6 at 1.

Order, discovery remains open until January 19, 2027, and plaintiff's counsel has stated that McCray's deposition can be completed before this deadline.[15]

Accordingly, the Court grants plaintiff's motion for relief under Rule 56(d). Plaintiff may depose McCray regarding (1) whether she received the preservation request; (2) if so, what she did with the request; and (3) any communications about the request she had with Lowe's. Plaintiff is granted leave to file a supplemental memorandum in opposition to defendant's motion for summary judgment by January 26, 2027. Defendant may file a memorandum in reply, if any, by February 3, 2027, at which time the motion will be deemed submitted.

New Orleans, Louisiana, this 13th day of November, 2026.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

15 R. Doc. 12-3 at 4.